UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

---

Case No. DKC 11-2320
Bankruptcy Adversary No. 11-00087-TJC

---

IN RE: MIHN VU HOANG, Debtor
THANH HOANG, Debtor

---

GARY A. ROSEN, CHAPTER 7 TRUSTEE

Appellant

v.

DAVID DAHAN, ET AL.

Appellees

---

APPEAL FROM THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF MARYLAND

(Honorable Thomas J. Catliota, Judge)

---

## BRIEF OF APPELLEES

---

RICHARD S. STOLKER (#00259)
RICHARD S. STOLKER, P.A.
110 N. Washington St., Suite 320
Rockville, Maryland  20850
Telephone 301-294-9500
rstolker@stolker.com

JEFFREY M. ORENSTEIN (#07512)
Goren, Wolff & Orenstein, LLC
Shady Grove Plaza
15245 Shady Grove Rd., Suite 465
Rockville, Maryland  20850
(301) 984-6266
jorenstein@gwolaw.com

Attorneys for Appellees

## *TABLE OF CONTENTS*

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Standard of Review  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

ARGUMENT:

I.      Plaintiff Has No Viable Claims Against Defendants
        Under Section 542 of The Code  . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Ii.     The Conduit Theory of Liability Has No Application in
        The Case Before This Court, as it Was Waived When Plaintiff
        Failed to Raise it in the Bankruptcy Court . . . . . . . . . . . . . . . . . . .   13

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

Appendix - Motions Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1

## *TABLE OF CITATIONS*

### *Cases:*

Branch-Williams v. Nicholson, 2007 U.S. Dist. LEXIS 52257 (D.Md. Apr. 2, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Braunstein v. McCabe, 571 F.3d 108 (1st Cir. 2009) . . . . . . . . . . . . . . . . 10

Burton v. Hydroquip, Inc., 227 B.R. 244 (Bankr. E.D. Pa. 1998) . . . . . . 12

Degren v. State, 352 Md. 400, 722 A.2d 887 (1999). . . . . . . . . . . . . . . . . . 9

Dekelbaum v. Cooter, Mangold, Tompert & Chapman, PLLC, 275 B.R. 737 (D. Md. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-13

Herrick v. Cohen, ___ F.Supp. ___ (No. RDB-11-0025, decided June 13, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

In re 31-33 Corporation, 100 B.R. 744 (Bankr. E.D. Pa. 1989) . . . . . . 10-11

In re DeBerry, 59 B.R. 891 (Bankr. E.D. N.Y. 1986) . . . . . . . . . . . . . . . . 10

In re Merry-Go-Round Enterprises, Inc., 400 F.3d 219 (4th Cir. 2005) . . . 4

In re Mushroom Transportation Co., 382 F.3d 325 (3rd Cir. 2004) . . . . . 10

In re Pyatt, 486 F.3d 423 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Shepherd, 12 B.R. 151 (Bankr. E.D. Pa. 1981) . . . . . . . . . . . . . . . . 12

In re State Street Associates, L.P., 323 B.R. 544 (Bankr. N.D. N.Y. 2005)   10

Manor Care of Am., Inc. v. Property & Cas. Ins. Guar. Corp, 185 Fed. Appx. 308  (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Maynard v. General Elec. Co., 486 F.2d 538 (4th Cir. 1973) . . . . . . . . . . 13

Miller v. Lane, 167 B.R. 729 (Bankr. E.D. Mass. 1994) . . . . . . . . . . . . . . 12

Muth v. United States, 1 F.3d 246 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . 14

Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (4th Cir. 1993) . . . . . . . . . . . . 4

National Wildlife Fed. v. Hanson, 859 F.2d 313 (4th Cir. 1988) . . . . . . 13-14

*Stahl v. Bartley Lindsay Co.*, 137 B.R. 305 (D. Minn. 1991) . . . . . . . . . . .  9

*Stewart v. Hall*, 770 F.2d 1267 (4th Cir. 1985) . . . . . . . . . . . . . . . . . . . .  24

*Thornton's Millwork, Inc.*, 209 B.R. 645 (Bankr. M.D. Pa. 1997) . . . . . . . .  9

*Vogel v. Russell Transfer, Inc.*, 852 F.2d 797 (4th Cir. 1988) . . . . . . . . .  9-12

*United States v. Land*, 213 F.3d 830 (5th Cir. 2000). . . . . . . . . . . . . . . . .14

*United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983) . . . . . . . . . . .  10

*Walter's Disposal Service, Inc. v. Atterbury*, 73 B.R. 6 (Bankr. W.D. Mo. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

### *Federal Statutes*:

11 U.S.C. § 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

11 U.S.C. § 362(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

11 U.S.C. § 363 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 8

11 U.S.C. § 542 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2-13

11 U.S.C. § 543 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

11 U.S.C. § 547 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

11 U.S.C. § 548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

11 U.S.C. § 549 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5-12

### *Rules*:

Bankruptcy Rule 8009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Bankruptcy Rule 8010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Rule 403 of the United States District Court for the District of Maryland. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

### *Other*

Collier on Bankruptcy, 16th ed., §542.01 . . . . . . . . . . . . . . . . . . . . . .  10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

IN RE: MIHN VU HOANG, Debtor
THANH HOANG, Debtor
_____

GARY A. ROSEN, Chapter 7 Trustee

Appellant

v.

DAVID DAHAN, ET AL.

Appellees

**Case No. DKC 11-2320**

Bankruptcy Adversary No. 11-00087

# BRIEF OF APPELLEES

David Dahan, Sarit Dahan, Karin A. Dahan, MAIA, LLC, Rokama, LLC, and Raymonde, LLC (hereinafter sometimes collectively referred to as "Defendants"), by undersigned counsel, Richard S. Stolker and the law firm of Richard S. Stolker, P.A., and Jeffrey M. Orenstein and the law firm of Goren, Wolff & Orenstein, LLC, pursuant to Bankruptcy Rules 8009 and 8010 and Rule 403 of the Rules of the United States District Court for the District of Maryland, file this Brief.

### *Factual Background*

In general, Counts I through VI of Plaintiff's Complaint center on the debtors' transfers of six different parcels of real estate, or proceeds relating to those parcels, as follows:

Count I - 3119 Parkway, Cheverly, Maryland ("3119 Parkway");

Count II - 6304 Kenhowe Drive, Bethesda, Maryland ("6304 Kenhowe Drive");

Count III - 13416 Sherwood Forest Drive, Bethesda, Maryland ("13416 Sherwood Forest");

Count IV - 7654 Bay Street, Pasadena, Maryland ("7654 Bay Street");

Count V - 6700 Sundown Road, Gaithersburg, Maryland ("6700 Sundown Road"); and

Count VI - 11189 Milbern Drive, Potomac, Maryland ("11189 "Milbern Drive").

As set forth in detail in Plaintiff's Complaint, all of the real estate identified above was property of the estate on May 10, 2005 (the "Petition Date"), the date that Minh Vu Hoang ("Minh") filed her Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code (the "Code").[1]  In Counts I-A through VI-A of his Complaint (the "A-Counts"), Plaintiff sought turnover of the those properties (or their value) pursuant to Section 542(a) of the Code.  In Counts I-B through 6-B of his Complaint (the "B-Counts"), Plaintiff asserted that Defendants had converted money from transactions involving the six properties.  In Counts I-C through VI-C of his Complaint (the "C-Counts"), Plaintiff sought to avoid transfers that it alleged were made post-petition.

On April 8, 2011, Defendants filed their Motion to Dismiss (the "Motion").[2] On April 29, 2011, Plaintiff filed his opposition to the Motion (the "Opposition").

---

[1]       11 U.S.C. § 101, et seq.

[2]       The Motion to Dismiss included another Count that is not the subject of this appeal because the Bankruptcy Court denied the Motion to Dismiss as to that Count.

On June 15, 2011, the Bankruptcy Court conducted a hearing on the Motion and Plaintiff's Opposition thereto.   A copy of the transcript from the hearing is included as part of this Brief as **Appendix Exhibit 1**.  At the hearing, the Bankruptcy Court orally announced that it would grant the Motion as it related to all of the A-Counts, all of the B-Counts, and all of the C-Counts.  Thereafter, on June 28, 2011, the Bankruptcy Court entered a Memorandum of Opinion (docket #29) and Order dismissing Counts (docket #30).   This interlocutory appeal followed.

On appeal, Plaintiff challenges the Bankruptcy Court's decision only as it relates to the A-Counts.  Thus, Plaintiff effectively has conceded that he has no further basis to recover on his conversion claims set forth in the B-Counts.  For the same reason, Plaintiff has also conceded that his Post-Petition Transfer claims, the C-Counts, are barred by limitations.  With regard to the A-Counts, Plaintiff presents two issues:

1.   Whether this provision [11 U.S.C. § 542] applies when the property at issue is acquired by the defendant after the bankruptcy has commenced, and

2.   Whether, assuming this provision applies when the property at issue is transferred by the debtor after the bankruptcy has commenced, it also applies when the property is acquired by the defendant post-petition and the defendant acquired the property on behalf of the debtor rather than as a transferee.

Plaintiff's Brief at 3.

Addressing the second issue as characterized by Plaintiff in his Brief (at 17-18), Plaintiff argues that Section 542's application is not limited to situations

where a defendant receives legal title to property post-petition if the recipient is a mere conduit of the debtor and does not, therefore, have equitable title to the property at issue. That issue is not one that was raised in Plaintiff's Opposition and is not one that was argued by Plaintiff at the hearing on the Motion and Plaintiff's Opposition thereto. <u>See</u> Opposition and Transcript.

### *Standard of Review*

In reviewing a Bankruptcy Court decision pursuant to Bankruptcy Rules 8001 *et seq.*, this Court "acts as an appellate court and review[s] the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo.*" <u>Herrick v. Cohen</u>, ___ F.Supp. ___ (No. RDB-11-0025, decided June 13, 2011), citing <u>In re Merry-Go-Round Enterprises, Inc.</u>, 400 F.3d 219, 224 (4th Cir. 2005). As is appropriate in resolving a motion to dismiss, the Bankruptcy Court made no independent findings of fact, but instead for purposes of ruling on the motion, "accept[ed] as true all of the Plaintiff's factual allegations as well as all favorable inferences that may be reasonably drawn from those allegations," <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). For purposes of this appeal, the facts that this Court must review, as the Bankruptcy Court did, are the well pled facts alleged in the Complaint.

For purposes of this appeal, appellees accept the factual statements in the appellant's brief as a generally correct characterization of the allegations of plaintiff's Amended Complaint, except that appellee's contention that respondents were conduits rather than actual transferees is not found among the allegations

of the Complaint and, for that reason, should not be considered by the Court on appeal.

## *ARGUMENT*

### I.   **PLAINTIFF HAS NO VIABLE CLAIMS AGAINST DEFENDANTS UNDER SECTION 542 OF THE CODE.**

Section 542(a) of the Code provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Section 549 of the Code provides in relevant part:

> (a)   Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate -
>
>> (1)   that occurs after the commencement of the case; and
>>
>> (2)   (A)   that is authorized only under section 303(f)9 or 542(c) of this title; or
>>
>>      (B)  that is not authorized under this title or by the court.
>
> *      *      *
>
> (d)   An action or proceeding under this section may not be commenced after the earlier of -
>
>> (1) two years after the date of the transfer sought to be avoided; or
>>
>> (2) the time the case is closed.

As set forth in detail in the Complaint, each of the transfers that the
Trustee complains of occurred more than two years prior to February 6, 2011, the
date of the filing of Plaintiff's initial Complaint.  In his Complaint, as amended,
Plaintiff alleges as follows:

> Count I - Defendants received proceeds traceable to 3119 Parkway
> on March 7, 2007 and, perhaps, as late as May 3, 2007.  See
> Paragraphs 108 through 112.
>
> Count II - Defendants received proceeds traceable to 6304 Kenhowe
> Drive on September 21, 2006.  See Paragraphs 163 through 167.
>
> Count III - Defendants received proceeds traceable to 13416
> Sherwood Forest Drive on November 7, 2007.  See Paragraph 216.
> Count IV - Defendants received proceeds traceable to 7654 Bay
> Street on July 25, 2007.  See Paragraph 255.
>
> Count V - Defendants received proceeds traceable to 6700 Sundown
> Road on June 18, 2007.  See Paragraph 277.
>
> Count VI - Defendants received proceeds traceable to 11819 Milbern
> Drive on August 8, 2006.  See Paragraph 301.

In their Motion to Dismiss, Defendants sought dismissal of the C-Counts
on the grounds that Plaintiff's Complaint was filed outside the limitations period
set forth in Section 549(d).[3]  Plaintiff has not appealed from that portion of the
Bankruptcy Court's Order and, for that reason, and for purposes of this appeal,
the untimeliness of the C-Counts of the Complaint has been conclusively
established.  Thus, the question becomes whether Plaintiff can avoid the time bar

___

[3]      In May of 2010, the parties executed a Tolling and Standstill Agreement (the "Agreement")
for purposes of allowing the parties to discuss settlement without prejudicing Plaintiff by tolling any
applicable limitations or laches period that had not already run during the time the parties were discussing
settlement.  Although the Agreement extended the time within which the claims could be asserted, the § 549
claims of the C-Counts nonetheless were barred by limitations, as Plaintiff now concedes.

of Section 549 by stretching Section 542 to accomplish what Section 549 expressly prohibits. The answer is unquestionably "no" and, by its Order, the Bankruptcy Court concurred.

The decision of the Bankruptcy Court is completely in harmony with the statutory scheme established by Congress for recovery of estate property under Subchapter III of Chapter 5 of the Bankruptcy Code. Subchapter III provides an orderly scheme of powers that, in different factual scenarios, allow a trustee to avoid transfers and recover property of the estate.

Section 549, which has its own dedicated statute of limitations, permits a trustee to avoid post-petition transfers of property of the estate. Section 548 permits a trustee to recover property that was transferred without reasonably equivalent value, while Section 547 allows a trustee to avoid a transfer that was made in satisfaction of a debt within designated time periods. Section 547 and 548 have their own limitations period which is set out in Section 546.

Having provided for the recovery of property that was transferred post-petition, for the recovery of property that was transferred for no consideration, and for the recovery of property that was transferred to satisfy a debt but in impermissible preference over other creditors, all that was left was a means to recover property that was property of the estate, but that was not in the hands of the debtor at the time the case was filed.. That is where 542 and 543 fit the bill.

As set out above, Section 542 requires that a person or entity that is in possession, custody, or control of property that a trustee may use, sell, or lease under section 363 of the Code must turn that property over to the trustee. However, as set out in Section 549(d), a trustee may not recover property that a debtor transferred post-petition if more than two years has passed since the date of the transfer.  As a result, once two years has passed from the date that a debtor made a post-petition transfer of his property, that property is no longer "property that a trustee may use, sell, or lease under section 363 of the Code. . . ."  Section 542 of the Code requires a debtor in possession of his own property to turn that property over to the trustee.  Likewise, Section 542 of the Code applies to require a non-debtor who is in possession of the debtor's property on the petition date to turn that property over to the trustee.  Similar in context, Section 543 of the Code requires a custodian in possession of the debtor's property to deliver that property to the trustee.

Plaintiff seeks to avoid the application of this clearly crafted statutory scheme by looking to the legislative history.  But there is nothing in the legislative history for Section 542 that sheds light beyond what the statute itself provides. Plaintiff's statutory construction argument is flawed because the purpose of statutory construction is simply to ascertain and effectuate the legislature's intent,  Manor Care of Am., Inc. v. Property & Cas. Ins. Guar. Corp, 185 Fed. Appx. 308, 310 (4th Cir. 2006) (citing Degren v. State, 352 Md. 400, 722 A.2d 887, 895 (1999)), which requires that "[c]ourts should attempt to effectuate the

-8-

purpose of federal legislation and avoid interpretations which produce absurd or nugatory results." <u>See</u> <u>Branch-Williams v. Nicholson</u>, 2007 U.S. Dist. LEXIS 52257, 17 (D.Md. Apr. 2, 2007).

Applying these principles, the argument that Plaintiff makes in this case cannot succeed because it puts Section 542 directly in conflict with Section 549(d) and, as a result, renders Section 549(d) nugatory.   Rules of statutory construction simply do not permit such a result.   The bankruptcy courts that have considered cases with comparable facts have reached the same result.   In <u>Thornton's Millwork, Inc.</u>, 209 B.R. 645 (Bankr. M.D. Pa. 1997), the Bankruptcy Court considered a debtor's post-petition transfers of funds, and concluded that "the transfer of funds . . . represents property that should be returned to the Debtor's estate," citing <u>Stahl v. Bartley Lindsay Co.</u>, 137 B.R. 305, 309 (D. Minn. 1991), but held that since more than four year had elapsed before the turnover motion was filed, the claim was barred by limitations, under 11 U.S.C. § 549(d). The Court summarized its ruling thus:

> Succinctly stated, this Court has found no valid reason to diverge from the proscription of [11] U.S.C. § 549(d).   There is simply a two-year statute of limitations to recover funds improperly transferred post-petition.   [<u>Id</u>., 209 B.R. at 647]

Accord:  <u>Walter's Disposal Service, Inc. v. Atterbury</u>, 73 B.R. 6, 910 n.3 (Bankr. W.D. Mo. 1986). As the Fourth Circuit observed in <u>Vogel v. Russell Transfer, Inc.</u>, 852 F.2d 797, 800 (4th Cir. 1988), a "trustee's power to avoid transfers of

property of the estate that occur after commencement of a bankruptcy case is generally given in section 549" rather than in section 542.

This Court has already determined that Section 542(a) is limited in its application to property that a defendant possessed at the time of the filing of the bankruptcy case and remained in possession through the time that a complaint is filed.  See  Dekelbaum v. Cooter, Mangold, Tompert & Chapman, PLLC, 275 B.R. 737 (D. Md. 2001) citing Vogel v. Russell Transfer, Inc., 852 F.2d 797 (4th Cir. 1988) and In re 31-33 Corporation, 100 B.R. 744 (Bankr. E.D. Pa. 1989).

The purpose of Section 542 is to "expand the trustee's power to 'bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced," Braunstein v. McCabe, 571 F.3d 108, 116 (1st Cir. 2009), quoting United States v. Whiting Pools, Inc., 462 U.S. 198, 203-204 (1983).  Section 542 has no specific period of limitations, In re Mushroom Transportation Co., 382 F.3d 325, 337 (3rd Cir. 2004); In re State Street Associates, L.P., 323 B.R. 544 (Bankr. N.D. N.Y. 2005); Collier on Bankruptcy, 16th ed., §542.01, although a turnover action is subject to the defense of laches; In re DeBerry, 59 B.R. 891 (Bankr. E.D. N.Y. 1986).

As the Bankruptcy Court recognized, the turnover provision of Section 542(a) imposes a duty on an entity in possession of estate property, that arises upon the filing of the bankruptcy petition.  In so doing, the Bankruptcy Court correctly took note of the statutory scheme described above.  Again, Congress did not intend that a trustee could utilize Section 542(a) to avoid a

transfer that is time-barred under Section 549; otherwise, the temporal limitation of Section 549(d) would be rendered meaningless.  Moreover, in drafting Section 542, Congress "did not intend to authorize a trustee to proceed under Section 542(a) against everyone who may have had control over property of the estate at some point after the petition was filed."  In re Pyatt, 486 F.3d 423, 428 (8th Cir. 2007).  Pyatt holds that there is an important distinction between an entity's duty to turn over property of the estate to a trustee (Section 542(a)), versus the trustee's power of enforcement of such duty ("[a]n entity can thus fall outside the exemption of Section 542(c) and be subject to the turnover duty, but still not be a proper defendant in a turnover proceeding" (id. at 429).  The enforcement mechanism as against a post-petition transferee is found not in Section 542, but in Section 549, and must be asserted within the two year period of limitations.

In Dekelbaum v. Cooter, Mangold, Tompert & Chapman, PLLC, 275 B.R. 737 (D. Md. 2001), this Court determined that, by its very terms, Section 542(a) is limited in its application to property possessed by the defendant at the inception of the bankruptcy case and which property the defendant continued to possess when the turnover Complaint was filed, citing Vogel v. Russell Transfer, Inc., 852 F.2d 797 (4th Cir. 1988) and In re 31-33 Corporation, 100 B.R. 744 (Bankr. E.D. Pa. 1989).  In Dekelbaum, a Court-appointed Chapter 11 trustee filed a complaint against several of the debtor's law firms, alleging that they were the beneficiaries of post-petition transfers that had been made on account of pre-petition obligations of the debtor.  In a three-Count Complaint the trustee claimed

he was entitled to turnover of the payments pursuant to 11 U.S.C. § 542(a) -
(Count I); that the payments were avoidable as unauthorized post-petition
transfers under Section 549(a) (Count II); and that the post-petition receipts by
the law firms constituted wilful violations of the automatic bankruptcy stay[4]
(Count III).  Thereafter, the trustee moved for partial summary judgment on all
three Counts.  After initially disposing of (by denying) the trustee's Section 362
claims, Judge Nickerson turned to the Section 542 claims, where he observed:

> Courts have concluded that section 542 provides for the turnover of
> pre-petition transfers, while section 549 is the appropriate means to
> attack post-petition transfers. <u>See</u>, <u>e.g.</u>, <u>Vogel v. Russell Transfer,
> Inc.</u>, 852 F.2d 797, 800 (4th Cir. 1988) ("trustee's power to avoid
> transfers of property of the estate that occur after commencement of
> a bankruptcy case is generally given in section 549"); <u>In re 31-33
> Corp.</u>, 100 B.R. 744, 747 (Bankr. E.D. Pa. 1989) ("§ 549 appears to
> be the sole provision addressing avoiding powers of the trustee to
> avoid or set aside post-petition transfers"); <u>Miller v. Lane</u>, 167 B.R.
> 729 (Bankr. E.D. Mass. 1994). But see <u>In re Shepherd</u>, 12 B.R. 151,
> 153-54 (Bankr. E.D. Pa. 1981) (suggesting that post-petition
> transfers may be attacked under either § 542 or § 549).
>
> Several policy reasons support the confinement of actions based on
> post-petition transfers to section 549, rather than section 542.  For
> example, if both section 542 and 549 were available to avoid post-
> petition transfers, the statute of limitations contained within § 549(d)
> would be rendered meaningless, since a trustee who is time-barred
> by § 549(d) could merely invoke § 542. <u>See</u> <u>In re 31-33 Corp.</u>, 100
> B.R. at 747-48; <u>Burton v. Hydroquip, Inc.</u>, 227 B.R. 244, 260 (Bankr.
> E.D. Pa. 1998). Therefore, section 542 is also an inappropriate means
> for Plaintiff's attempt to recover the post-petition legal fees

<u>Dekelbaum</u>, <u>supra</u>, 275 B.R. at 741.

---

[4]        11 U.S.C. § 362(a).

Dekelbaum, is on all fours with the facts presented in the case at bar as they relate to the Section 542 issue.  As all of the transfers addressed in the Complaint were post-petition transfers, Section 542 does not apply.  Accordingly, the Bankruptcy Court correctly dismissed all of the sub-Count A claims.

## II.   THE CONDUIT THEORY OF LIABILITY HAS NO APPLICATION IN THE CASE BEFORE THIS COURT, AS IT WAS WAIVED WHEN PLAINTIFF FAILED TO RAISE IT IN THE BANKRUPTCY COURT.

In a final attempt to avoid the passing of the limitations deadline, Plaintiff argues that Section 542 is applicable to the facts of this case because, in essence, he is not attempting to recover the subject properties or their value from the Defendants as transferees, but rather, is attempting to recover the properties or their values from the Defendants as conduits of the Debtor.  In other words, Plaintiff argues that he may recover the Debtor's property from the Defendants because it continues to be the Debtor's property and because a Trustee can use Section 542 to obtain turnover from a debtor.  Plaintiff's argument in this regard must fail for two reasons.  First, Plaintiff never raised this argument in the Bankruptcy Court.

> As [the Fourth Circuit] has repeatedly held, issues raised for the first time on appeal generally will not be considered. National Wildlife Fed. v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988); Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir. 1985); Maynard v. General Elec. Co., 486 F.2d 538, 539 (4th Cir. 1973).  Exceptions to this general rule are made only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice. National Wildlife Fed., 859 F.2d at 318.

<u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993).

Like the appellant in <u>Muth</u>, Plaintiff has not even argued that exceptional circumstances justifying departure from the general rule are present, and based on the facts of this case, there are no exceptional circumstances warranting such departure.  Indeed, the claims that Plaintiff complains of were all available to be addressed pursuant to Section 549 of the Bankruptcy Code and Plaintiff failed to pursue those claims before the limitations deadline.  Indeed, were Plaintiff permitted to proceed despite the expiration of limitations the Defendants would be prejudiced because of the time that has passed.  It is in recognition of the potential for expiration of knowledge, the potential unavailablilty of witnesses, and the potential lack of documents that limitations defenses exist.  <u>United States v. Land</u>, 213 F.3d 830, 836 (5th Cir. 2000).  Having had the opportunity to pursue the claims, and with the potential harm that will be caused to Defendants as a result of Plaintiff's failure to meet the limitations period, there are no exceptional circumstances that would permit the abrogation of the general rule and that would permit this new issue to be raised at this stage of the proceedings.

Even had the issue been preserved for appeal, Plaintiff's claims properly should have been brought against the Debtors, rather than against the Defendants.  But the Debtors were not named as defendants and Plaintiff has sought no relief against them in this adversary proceeding.  Indeed, the conduit theory is contradictory to the theory that Plaintiff advanced in the Bankruptcy

Court, and, while creative, may not be asserted by Plaintiff for the first time on appeal.

## *CONCLUSION*

Plaintiffs' detailed and extensive Complaint asserted numerous claims against numerous parties and articulated many specific facts to support its claim. Those facts, detailed as they were, caused the light to shine brightly on the error Plaintiff had committed by filing an untimely Complaint.  By being dilatory in asserting his Section 549 claims, Plaintiff cannot now seek to use Section 549 to achieve that which is barred by Section 549(d).

WHEREFORE, for all of the reasons set forth above, Defendants respectfully request that this Honorable Court:

1.     Affirm the Bankruptcy Court's dismissal of the various claims against the Defendants; and

2.     Grant such other and further relief as the nature of this cause may require.

Respectfully submitted,

/s/ Richard S. Stolker                         /s/ Jeffrey M. Orenstein
RICHARD S. STOLKER                   JEFFREY M. ORENSTEIN (#07512)
Federal Bar #00259                         Goren, Wolff & Orenstein, LLC
Suite 320, 110 N. Washington St.    Shady Grove Plaza
Rockville, Maryland 20850              15245 Shady Grove Road
(301) 294-9500                                Suite 465
rstolker@stolker.com                       Rockville, Maryland  20850
                                                      301) 984-6266
                                                      jorenstein@gwolaw.com
                                                      Attorneys for Appellees/Defendants

-15-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2011, a copy of the foregoing was sent  via first class mail, postage prepaid and/or via electronic mail to:

>Max Macoby, Esquire
>Richard H. Gordin, Esquire
>Neal Goldfarb, Esquire
>Butzel, Long, Tighe, Patton PLLC
>Suite 300
>1747 Pennsylvania Avenue, N.W.
>Washington, D.C. 20006

>/s/ Richard S. Stolker
>Richard S. Stolker

-16-